UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ATHALENE APRIL BULLA,

                              Petitioner,

              v.

UNITED STATES OF AMERICA,

                              Respondent.

**MEMORANDUM AND ORDER**

18-MC-299 (LDH)

---

**LASHANN DEARCY HALL**, United States District Judge:

Petitioner Athalene April Bulla, proceeding pro se, brings the instant action to seal and expunge her arrest record in *United States v. April Bulla*, No. 89-MJ-919. On July 21, 1989, Petitioner was arrested and charged in a complaint with conspiracy to commit fraud and related offenses. On August 15, 1989, the complaint was dismissed, without prejudice.

## BACKGROUND

Petitioner is a critical care paramedic in the State of Florida. (Pet.'s Mot. 5, ECF No. 1.) Petitioner applied with the Florida Department of Agriculture and Consumer Services ("FDACS") for a license to carry a concealed weapon or firearm. (*Id*.) On June 27, 2016, Petitioner received notice from FDACS that her application was suspended pending investigation into the criminal charges brought against her in 1989. (*Id*. Ex. 1.) Petitioner received a hearing, after which FDACS granted her application, and Petitioner received a license. (*Id*. 5.)

Subsequently, Petitioner sought to purchase a gun. (*Id*.) At that time, she was informed that the Florida Department of Law Enforcement ("FDLE") had placed her on its "conditional non-approval" list, preventing Petitioner from purchasing a gun. (*Id*. 5–6.) Persons given conditional non approval are subject to a 72-hour waiting period, and the purchase can only be approved once FDLE changes its designation to approval or conditional approval. (*Id*. 6.) Petitioner alleges she

was informed by FDLE that if the agency determined that it was "wrongful" for her to own a gun, she would have to surrender her weapon to the nearest law enforcement agency. (*Id*.) Petitioner complains that despite being licensed by the State of Florida to carry a concealed weapon, she must nonetheless endure a 72-hour waiting period and that if FDLE determined that it was "wrongful" for her to own a gun, she would suffer financial loss having paid for a firearm that she cannot keep. (*Id*.) Petitioner states that her arrest record should be expunged and sealed so that she can avoid the waiting period and potential financial loss and because she does not wish to be "inconvenience[d]" or to "feel ashamed" when she seeks to purchase a firearm in the future. (*Id*.)

## DISCUSSION

"No federal statute provides for the expungement of an arrest record." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). "Instead, expungement lies within the equitable discretion of the court, and relief is usually granted only in 'extreme circumstances.'" *Id.*; *see also Doe v. United States*, 833 F.3d 192, 197 (2d Cir. 2016) ("A court, sitting in a criminal prosecution, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records." (quoting *Schnitzer*, 567 F.2d at 538)). "In determining whether such circumstances exist, courts have considered the 'delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties.'" *Schnitzer*, 567 F.2d 536 at 539. That is, "[t]he government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens." *Id*. As the Second Circuit has advised, "the power to expunge is a narrow one, and should . . . be reserved for the unusual or extreme case." *Id*. (internal quotations omitted). Courts analyze motions to seal and expunge an arrest or criminal record under the same standards. *See Doe v. United States*, 833 F.3d 192, 196 n.1 & n.2 (2d Cir. 2016) (using the words "expunge," "seal" and "delete" interchangeably

2

with respect to arrest or conviction records).

Here, Petitioner fails to demonstrate unusual or extreme circumstances warranting the sealing and expungement of her arrest record. That Petitioner does not wish to be inconvenienced or to feel ashamed when she seeks to purchase a firearm in the future and seeks to avoid speculative financial loss does not suffice. *See Schnitzer*, 567 F.2d at 540 ("Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible; where the court determined the sole purpose of the arrests was to harass civil rights workers; where the police misused the police records to the detriment of the defendant; or where the arrest was proper but was based on a statute later declared unconstitutional." (internal citations omitted)).

## CONCLUSION

For the foregoing reasons, Petitioner's motion to seal and expunge her arrest record is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      January 25, 2021

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge